# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN JOSE

---

UNITED STATES OF AMERICA,

V.

(SEE ATTACHMENT A)

# Filed

MAR 1 9 ~~2013~~ 2014 ~~O.R.~~

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*No Bail Arrest Warrants:*

DEFENDANT(S).

---

## SUPERSEDING INDICTMENT

VIOLATIONS: SEE ATTACHMENT B

- Marcos Salvador Ismeli
- Alfredo Maldonado
- Benito Canales
- Rafael Mariscal Camberos
- Roberto Martinez
- Oscar Martinez DelaCruz
- Ricardo Montaya
- Mario Cardenas
- Denis Sandoval

A true bill.

_C. Dehm_
Foreman

Filed in open court this ___18___ day of

_March 2014_

_____
Clerk

Bail, $ _____

## ATTACHMENT A

MIGUEL MIRANDA, a/k/a "Payaso,"
GILBERTO VILLELA, a/k/a "Snowman,"

JESSE AGUILAR, a/k/a "Munchies,"
FRANCISCO FONSECA, a/k/a "Griffo,"
JORGE CISNEROS, a/k/a "Sleepy,"
DANIEL CORTEZ, a/k/a "Little Temper,"
JOSE DAVID SANCHEZ, a/k/a "Joker,"
MIGUEL VASQUEZ, a/k/a "Tweety,"

JUAN CHAVEZ, a/k/a/ "Dukester,"

MARCOS SALVADOR LOMELI, a/k/a "Cookie,"
JESSE PARRA, a/k/a "Little Looney,"
ANDY LAMB LOPEZ, a/k/a "Solo,"
JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"
FERNANDO CRUZ, a/k/a "Nano,"
ALFREDO MALDONADO, a/k/a "Junior,"
JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
FELIX HERNANDEZ CRISTOBAL, a/k/a "Pato,"
JORGE LUIS OLIVERA, a/k/a "Chivo,"
MARIO GUERRERO, a/k/a "Lil Junior,"
BENITO CANALES, a/k/a "Dopey,"
RAFAEL MARISCAL CAMBEROS, a/k/a "Bad Boy,"
ROBERTO MARTINEZ, a/k/a "Espantos,"
JORGE RODRIGUEZ, a/k/a/ "Brownie,"
OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete,"
RICARDO MONTOYA, a/k/a "Necio,"
MARIO CARDENAS, a/k/a "Trusty,"
DENIS SANDOVAL, a/k/a "Criminal,"

## ATTACHMENT B

VIOLATIONS:  Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(6) – Conspiracy to Commit Assault with a Deadly Weapon in Aid of Racketeering; Title 18, United States Code, Section 924(c)(1)(A) and 2 - Use/Possession of Firearm in Furtherance of Crime of Violence;  Title 18, United States Code, Section 1959(a)(1) and 2 - Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering; Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii) – Conspiracy to Distribute Methamphetamine; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More Methamphetamine; Title 18, United States Code, Section 924(c)(1)(A) and 2 - Use/Possession of Firearm in Furtherance of a Drug Trafficking Crime;  Title 18, United States Code, Section  922(g)(1) – Felon in Possession of a Firearm and Ammunition; Title 18, United States Code, Section  922(k) – Possession of a Firearm with Serial Number Removed; Title 18, United States Code, Section 924(d) – Firearms Related Forfeiture; Title 21, United States Code, Section 853 – Drug Related Forfeiture

1   MELINDA HAAG (CABN 132612)
    United States Attorney

2

3

4                               SEALED
                          BY COURT ORDER
5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10  UNITED STATES OF AMERICA,                )  No. CR 11-0355 DLJ
                                             )
11                                           )  VIOLATIONS: Title 18, United States Code, Section
          v.                                 )  1962(d) – Racketeering Conspiracy; Title 18, United
12                                           )  States Code, Section 1959(a)(5) – Conspiracy to
                                             )  Commit Murder in Aid of Racketeering; Title 18,
13  MIGUEL MIRANDA, a/k/a "Payaso,"          )  United States Code, Section 1959(a)(6) – Conspiracy
    GILBERTO VILLELA, a/k/a "Snowman,"       )  to Commit Assault with a Deadly Weapon in Aid of
14                                           )  Racketeering; Title 18, United States Code, Section
    JESSE AGUILAR, a/k/a "Munchies,"         )  924(c)(1)(A) and 2 - Use/Possession of Firearm in
15  FRANCISCO FONSECA, a/k/a "Griffo,"       )  Furtherance of Crime of Violence; Title 18, United
    JORGE CISNEROS, a/k/a "Sleepy,"          )  States Code, Section 1959(a)(1) and 2 - Murder in
16  DANIEL CORTEZ, a/k/a "Little Temper,"    )  Aid of Racketeering; Title 18, United States Code,
    JOSE DAVID SANCHEZ, a/k/a "Joker,"       )  Section 1959(a)(5) and 2 - Attempted Murder in Aid
17  MIGUEL VASQUEZ, a/k/a "Tweety."          )  of Racketeering; Title 18, United States Code, Section
                                             )  1959(a)(3) and 2 - Assault with a Dangerous Weapon
18  JUAN CHAVEZ. a/k/a/ "Dukester."          )  in Aid of Racketeering; Title 21, United States Code,
                                             )  Sections 846, 841(a)(1), and 841(b)(1)(A)(viii) –
19  MARCOS SALVADOR LOMELI, a/k/a            )  Conspiracy to Distribute Methamphetamine; Title 21,
    "Cookie,"                                )  United States Code, Sections 841(a)(1) and
20  JESSE PARRA, a/k/a "Little Looney,"      )  841(b)(1)(A)(viii) – Possession with Intent to
    ANDY LAMB LOPEZ, a/k/a "Solo,"           )  Distribute and Distribution of 50 Grams or More of
21  JOSE ANGEL MORENO, a/k/a "Lil            )  Methamphetamine; Title 21, United States Code,
    Chocolate,"                              )  Sections 841(a)(1) and 841(b)(1)(B)(viii) –
22  FERNANDO CRUZ, a/k/a "Nano,"             )  Possession with Intent to Distribute and Distribution
    ALFREDO MALDONADO, a/k/a "Junior,"       )  of 5 Grams or More Methamphetamine; Title 18,
23  JESUS MANUEL ARMENDARIZ, a/k/a           )  United States Code, Section 924(c)(1)(A) and 2 -
    "Chumel,"                                )  Use/Possession of Firearm in Furtherance of a Drug
24  FELIX HERNANDEZ CRISTOBAL, a/k/a         )  Trafficking Crime; Title 18, United States Code,
    "Pato,"                                  )  Section  922(g)(1) – Felon in Possession of a Firearm
25  JORGE LUIS OLIVERA, a/k/a "Chivo,"       )  and Ammunition; Title 18, United States Code,
    MARIO GUERRERO, a/k/a "Lil Junior,"      )  Section  922(k) – Possession of a Firearm with Serial
26  BENITO CANALES, a/k/a "Dopey,"           )  Number Removed; Title 18, United States Code,
    RAFAEL MARISCAL CAMBEROS, a/k/a          )  Section 924(d) – Firearms Related Forfeiture; Title
27  "Bad Boy,"                               )  21, United States Code, Section 853 – Drug Related
    ROBERTO MARTINEZ, a/k/a "Espantos,"      )  Forfeiture
28  JORGE RODRIGUEZ, a/k/a/ "Brownie,"       )
    OSCAR MARTINEZ DELACRUZ, a/k/a           )

SECOND SUPERSEDING INDICTMENT          1

"Cuete,"                                          )
RICARDO MONTOYA, a/k/a "Necio,"                   )
MARIO CARDENAS, a/k/a "Trusty,"                   )
DENIS SANDOVAL, a/k/a "Criminal,"                 )    SAN JOSE VENUE
                                                  )
                                                  )
                                                  )
        Defendants.                               )
_____ )

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE:          (18 U.S.C. § 1962(d) - Racketeering Conspiracy)

Introduction

     1.     Sur Santos Pride, also known as SSP (hereinafter "SSP"), is a San Jose based gang whose members regard themselves as "Sureños," which is Spanish for "Southerner." SSP is also known as "Santos Pride" and its members are known as "Santeros." Sureños operate under the authority and control of the Mexican Mafia hierarchy. Although Sureños are dominant in Southern California, criminal street gangs in Northern California that have adopted the characteristics of the "Mexican Mafia" also consider themselves Sureños. SSP has been in existence in San Jose since the early 1990's. SSP is primarily active in San Jose in the area south of highway 280 between South 1st Street and Locust Street, but is not confined to these borders. SSP gang members have been found in other areas of San Jose where other Sureño gangs congregate as well.

     2.     The Mexican Mafia is the dominant Hispanic prison gang in Southern California. The Mexican Mafia is a powerful gang that controls drug distribution and other illegal activities within portions of both the California and Federal penal systems, and which has increasingly worked to expand its influence over illegal activities outside of those prison systems. When Mexican Mafia members or associates complete their sentences and rejoin their communities, they remain loyal to the Mexican Mafia and work to further the goals of the Mexican Mafia outside the prison environment. One of the significant goals of the Mexican Mafia is to control and profit from narcotics trafficking. A member of the Mexican Mafia is referred to as "brother," "carnal," or "big homie."

SECOND SUPERSEDING INDICTMENT          2

3.      SSP often worked together with other San Jose based Sureño gangs to engage in criminal activity and to assist one another in avoiding detection by law enforcement. In San Jose, some of the other Sureño gangs that worked closely with SSP include Varrio Sur Town (VST), East Side Clanton (ESC), Vario Paisanos Locos (VPL), and Sureños Por Vida (SPV). Members of SSP and these other San Jose based Sureño gangs identify themselves as "Sureños," a term that generally encompasses gang members who were born outside the United States, who claim Southern California as their base, and who acknowledge the primacy of the Mexican Mafia prison gang.

4.      Sureños identify themselves with the color blue, the number "13" and/or Roman numeral "XIII," "X3" and "trece," which is Spanish for thirteen. The number "13" corresponds with the letter "M" in the word Mexican Mafia, which is the thirteenth letter of the alphabet. As in the number "13" and the Spanish word Sureño, "Sur" is commonly, but not exclusively, displayed by Sureño criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing, as a way of displaying their affiliation, loyalty, and commitment to the gang.

5.      The leaders of individual Sureño gangs are often called "shot callers." Above the "shot callers" are Sureño leaders and Mexican Mafia members or associates, often referred to as the "big homies," some of whom are incarcerated, who convey their orders through, among other means, the use of telephones that are brought into prisons. The leaders of SSP (shot callers) and "Big Homies" resolve disputes between gang members, address organizational issues, and participate in significant gang decisions, such as whether to authorize the killing of other Sureño or SSP gang members, associates, and other individuals suspected of cooperating with law enforcement or otherwise breaking SSP rules.

6.      At all times relevant to this Second Superseding Indictment, SSP members communicated about gang activities with other SSP members and "Big Homies" in San Jose and elsewhere using mobile telephones; telephone text messages; letters, notes or "kites" from or to jail or prison; and other modes of communication.

7.      At all times relevant to this Second Superseding Indictment, the principal, although not the only, rivals to SSP in San Jose are gang members who identify themselves as "Norteños," a term that generally encompasses gang members who were born in the United States, who claim Northern California as their base, and who acknowledge the primacy of the Nuestra Familia prison gang.

1 Norteño-affiliated gang members often refer to themselves as "Northerners" and express their allegiance

2 to the "Nuestra Familia." Whereas SSP and other Sureño-affiliated gangs claim blue as their gang color,

3 Norteños claim the color red. One of the principal rules of SSP is that its members must attack and kill

4 Norteños and other rivals whenever possible.

5      8.     At all times relevant to this Second Superseding Indictment, members of SSP engaged in

6 criminal activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion,

7 and obstruction of justice by threatening and intimidating witnesses that they believed to be cooperating

8 with law enforcement. To maintain membership and discipline within the gang, SSP members were

9 required to commit acts of violence, including violence against rival gang members or those they

10 perceived to be rival gang members, as well as violence against SSP members and associates who

11 violated the gang's rules. Participation in criminal activity by SSP members, particularly violent acts

12 directed at rival gang members or as ordered by the gang leadership, increased the level of respect

13 accorded that member, resulting in that member maintaining or increasing his position in the gang, and

14 possibly resulting in recognition as a leader.

15      9.     At all times relevant to this Second Superseding Indictment, members of SSP were

16 expected to enhance and protect the reputation and status of the gang by any means necessary, including

17 acts of intimidation and violence against those who show disrespect for the gang.

18      10.     At all times relevant to this Second Superseding Indictment, in order to join SSP,

19 members were required to undergo an initiation process, often referred to as being "jumped in" to the

20 gang. During this initiation, members of SSP beat the new member, usually for thirteen seconds.

21      11.     At all times relevant to this Second Superseding Indictment, SSP members attended gang

22 meetings on a regular basis. SSP members met to discuss, plan, and report on, among other things: gang

23 organizational issues; illegal activity conducted on behalf of SSP; acts of violence committed by SSP

24 members against rival gang members and others; law enforcement activity against SSP members;

25 purging the gang of those suspected of cooperating with law enforcement; obtaining methamphetamine

26 for sales and distribution; collecting money for "homies" in prison or in exile in Mexico; collecting

27 money for firearms for the "hood" to be used to attack rivals and to conduct the affairs of SSP; taxing

28

SECOND SUPERSEDING INDICTMENT     4

1  pimps who utilize their territory for prostitution; collecting "taxes" from SSP members to pay to the "big

2  homies." Only members of SSP were permitted to attend these meetings.

3       12.    At all times relevant to this Second Superseding Indictment, SSP gang members have

4  adopted the "fleur de lis" and colors of the New Orleans Saints NFL football team. As with other

5  Sureño gang members, SSP gang members will often wear clothing that is blue in color to identify

6  themselves as Sureño gang members. SSP members also often wear New Orleans Saints football team

7  attire. SSP members often identify themselves to others by yelling "Sur," "Puro Sur" (Spanish for Pure

8  South), or "trece" (Spanish for thirteen).

9       13.    Many members of SSP signified their membership by wearing tattoos with the "fleur de

10  lis" symbol, or reading "SSP," "Santero," "X3," "XIII," three dots or other similar words and symbols

11  associated with SSP. Many SSP members also wear clothing with the color blue, including, blue shirts,

12  blue pants, blue shoe laces, blue belts and bandanas, thus signifying that they are Sureño. SSP members

13  often also carry accessories including, but are not limited to, necklaces, rings, and belt buckles that have

14  the letters "SSP" or the letter "S" for Sur/Sureño, or the number "13." Additionally, SSP members often

15  mark their territory or signify their presence through the use of graffiti with the words SSP or other

16  identifying slogans. SSP members refer to one another by their gang names or other nicknames and may

17  not know fellow gang members except by these gang names.

18  The Racketeering Enterprise

19       14.    At all times relevant to this Second Superseding Indictment, SSP, including its

20  leadership, members, and associates, in the Northern District of California, constituted an "enterprise" as

21  defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in

22  fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit

23  that had a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in,

24  and its activities affected, interstate and foreign commerce.

25  Purposes of the Enterprise

26       15.    The purposes of the SSP enterprise included the following:

27       a.    Preserving and protecting the power, territory, reputation, and profits of the enterprise

28  through the use of intimidation, violence, threats of violence, assaults, and murder;

SECOND SUPERSEDING INDICTMENT    5

1       b.     Promoting and enhancing the enterprise and the activities of its members and associates,

2  including, but not limited to, murder, attempted murder, narcotics trafficking, theft of vehicles,

3  robberies, extortion, and other criminal activities;

4       c.     Keeping victims, potential victims, and community members in fear of the enterprise and

5  its members and associates through violence and threats of violence;

6       d.     Providing financial support and information to SSP members, including those

7  incarcerated in the United States; and

8       e.     Providing assistance to other SSP members who committed crimes for and on behalf of

9  the gang, to hinder, obstruct, and prevent law enforcement officers from identifying the offenders,

10  apprehending the offenders, and successfully prosecuting and punishing the offenders.

11  The Racketeering Conspiracy

12       16.     Beginning on a date unknown to the Grand Jury but since at least 2009, and continuing

13  up through and including the present, in the Northern District of California and elsewhere, the

14  defendants

15  
```
(1)
(2)    GILBERTO VILLELA. a/k/a "Snowman,"
(3)
(4)    JESSE AGUILAR, a/k/a "Munchies,"
(5)    FRANCISCO FONSECA, a/k/a "Griffo,"
(6)    JORGE CISNEROS, a/k/a "Sleepy,"
(7)    DANIEL CORTEZ, a/k/a "Little Temper,"
(8)    MIGUEL VASQUEZ, a/k/a "Tweety,"
(9)    MARCOS SALVADOR LOMELI, a/k/a "Cookie,"
(10)   JESSE PARRA, a/k/a "Little Looney,"
(11)   JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"
(12)   FERNANDO CRUZ, a/k/a "Nano,"
(13)   ALFREDO MALDONADO, a/k/a "Junior,"
(14)   JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
(15)   FELIX HERNADEZ CRISTOBAL, a/k/a "Pato,"
(16)   JORGE LUIS OLIVERA, a/k/a "Chivo,"
(17)   BENITO CANALES, a/k/a "Dopey,"
(18)   RAFAEL MARISCAL CAMBEROS, a/k/a "Bad Boy,"
(19)   ROBERTO MARTINEZ, a/k/a "Espantos,"
(20)   JORGE RODRIGUEZ, a/k/a "Brownie,"
(21)   OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete,"
(22)   RICARDO MONTOYA, a/k/a "Necio,"
(23)   MARIO CARDENAS. a/k/a "Trustv."
(24)
(25)
```

1  together with others known and unknown, each being a person employed by and associated with SSP, an

2  enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully,

3  knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that

4  is to conduct and participate, directly and indirectly, in the conduct of the affairs of the SSP enterprise

5  through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1)

6  and (5), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable

7  under the following provisions of California law:

8      a.    Murder in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, and 653f;

9      b.    Robbery in violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664;

10     c.    Extortion in violation of California Penal Code §§ 518, 519, 520, 524, and 182;

11         and multiple acts involving the following provisions of federal narcotics law:

12     d.    21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute

13         Controlled Substances);

14     e.    21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute

15         Methamphetamine); and

16     f.    21 U.S.C. § 843(b) (Use of Communication Facility to Facilitate Distribution of

17         Controlled Substances).

18     17.    It was part of the conspiracy that each defendant agreed that a conspirator would commit

19 at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

20 Manner and Means of the Conspiracy

21     18.    The defendants and other unindicted members of SSP, were required to conduct and did

22 conduct regular meetings with other SSP members to discuss, among other things: the structure and

23 organization of the gang; rules and rule enforcement; past criminal acts committed against rival gang

24 members and others; SSP members who were arrested or incarcerated; the disciplining of SSP members;

25 police interactions with SSP members; the identities of individuals suspected of cooperating with law

26 enforcement and the proposed actions to be taken against them; plans and agreements regarding the

27 commission of future crimes, including murder, extortion, narcotics distribution, robbery, illegal

28 possession of firearms, and assault, as well as ways to conceal these crimes.

19. The defendants and other members and associates of SSP agreed to purchase, possess, maintain, use, and circulate a collection of firearms for use in criminal activity by SSP members and associates. Many of these firearms were held by certain SSP members, so that the defendants and other members and associates of SSP could have ready access to the firearms if and when they needed the weapons without running the risk of possessing the firearms should they encounter law enforcement officers.

20. The defendants and other members and associates of SSP agreed that acts of violence, including murder, attempted murder, and assault with a deadly weapon, would be committed by members and associates of SSP against rival gang members and others when it suited the enterprise's purposes. SSP members also used violence to impose discipline within the gang.

21. The defendants and other members and associates of SSP agreed to distribute narcotics, to use the telephone to facilitate narcotics distribution, to commit robbery, extortion, and other crimes, and to conceal their criminal activities by obstructing justice, threatening or intimidating witnesses, and other means.

Overt Acts

22. In furtherance of the conspiracy and in order to effectuate the object thereof, the defendants and their co-conspirators, and others both known and unknown to the Grand Jury, in various combinations, directly and indirectly, within the Northern District of California and elsewhere, committed overt acts, including, but not limited to, the following:

     a. On or about April 9, 2009, RICARDO MONTOYA and others stabbed and attempted to kill a victim who was perceived to be a Norteño.

     b. On or about December 4, 2009, OSCAR MARTINEZ DELACRUZ possessed with intent to distribute approximately 17.5 grams gross weight of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

     c. On or about December 19, 2009, JORGE RODRIGUEZ, a/k/a "Brownie," OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete," RICARDO MONTOYA, a/k/a "Necio," and others known and unknown attempted to kill Victim 1, an SSP member, while at Elmwood Correctional Facility.

d.    On or about April 1, 2010, JESSE PARRA, JORGE CISNEROS,

and others known and unknown attempted to kill Victim 2, an SSP member.

e.    On or about July 22, 2010, SSP conducted a meeting in which JESSE PARRA,

BENITO CANALES, MARCOS SALVADOR LOMELI, GILBERTO VILLELA, FERNANDO CRUZ,

RAFAEL MARISCAL CAMBEROS, and other SSP

members participated, and in which they discussed gang activities, including guns, and jumping in other

members.

f.    On or about August 4, 2010,           possessed with intent to

distribute and distributed approximately 108 grams of actual methamphetamine.

g.    On or about September 9, 2010, GILBERTO VILLELA possessed with intent to

distribute and distributed approximately 108.1 grams of actual methamphetamine.

h.    On or about September 21, 2010, MARCOS SALVADOR LOMELI possessed a

.357 Magnum with an obliterated serial number.

i.    On or about November 9, 2010,         possessed with intent to distribute

and distributed approximately 54.9 grams of actual methamphetamine.

j.    On or about December 4, 2010, MARCOS SALVADOR LOMELI held Victim 3

at knifepoint and threatened to kill him, stole tire rims from him, and told him it was a donation to the

"varrio."

k.    On or about December 22, 2010, JESSE AGUILAR possessed with intent to

distribute and distributed approximately 100.2 grams of actual methamphetamine.

l.    On or about December 26, 2010,        possessed a .32

caliber revolver, H &R, model 732, loaded with 6 rounds.

m.    On or about February 4, 2011,        possessed with intent to

distribute and distributed approximately 40 grams of actual methamphetamine

n.    On or about May 28, 2011, SSP conducted a meeting in which JESSE PARRA,

RAFAEL MARISCAL CAMBEROS,        and other SSP

members participated, and in which they discussed gang activities, including collection of money for

1  SSP, which SSP members are "no good," acquiring firearms for SSP, and the need for SSP members to
2  put in work. The gang also jumped in new SSP members.

3          o.      On or about July 6, 2011, JORGE CISNEROS possessed with intent to distribute
4  and distributed approximately 6.6 grams of actual methamphetamine.

5          p.      On or about July 10, 2011,                    RAFAEL MARISCAL
6  CAMBEROS, and BENITO CANALES robbed Victim 4.

7          q.      On or about July 18, 2011, JESSE PARRA and an SSP associate possessed a
8  firearm and two ammunition magazines loaded with seventeen rounds of ammunition.

9          r.      On or about September 2, 2011, a number of SSP members and associates,
10  including GILBERTO VILLELA, DENIS SANDOVAL, and JESSE PARRA, beat and stabbed Norteño
11  Victims 5 and 6.

12          s.      On or about October 10, 2011, DANIEL CORTES possessed with intent to
13  distribute and distributed 5.7 grams of actual methamphetamine.

14          t.      On or about October 19, 2011, FERNANDO CRUZ possessed with intent to
15  distribute and distributed approximately 23.3 grams of actual methamphetamine.

16          u.      On or about October 23, 2011, a number of SSP members, including ROBERTO
17  MARTINEZ and                        , attacked, stabbed, and killed Victim 7, a perceived Norteño.

18          v.      On or about November 4, 2011, a number of SSP members, including ROBERTO
19  MARTINEZ and FERNANDO CRUZ attacked Victim 8, a perceived Norteño, with deadly weapons
20  and also attacked with deadly weapons Victim 9.

21          w.      On or about December 12, 2011, pursuant to a search warrant for 84 Union Street,
22  San Jose, California, which was a known SSP hangout, a number of knives, hammers, and a loaded
23  shotgun were found and seized by law enforcement.

24          x.      On or about February 28, 2012, DANIEL CORTES and an SSP associate
25  possessed with intent to distribute and distributed approximately 6.8 grams of actual methamphetamine.

26          y.      On or about April 17, 2012, MIGUEL VASQUEZ possessed with intent to
27  distribute and distributed approximately 10.4 grams of actual methamphetamine.

28

SECOND SUPERSEDING INDICTMENT        10

z.    On or about October 7, 2012, SSP conducted a meeting, in which JESSE PARRA, , FERNANDO CRUZ, GILBERTO VILLELA, JORGE CISNEROS, MARIO CARDENAS, MIGUEL VASQUEZ, and DANIEL CORTEZ, and other SSP member participated, and in which they discussed a current "green light" on a fellow San Jose Sureño, a prior "green light" and attempted homicide of an SSP member (Victim 1), supplies of drugs through the Mexican Mafia from "La Familia Michoacana," taxing pimps in the neighborhood and using intimidation to collect those taxes, the SSP members who were holding firearms for the "hood," collecting money from SSP members to buy more firearms for the "hood," and collecting money for Sureños in jail.

aa.    On or about January 26, 2013, MARIO CARDENAS was in possession of and brandished a firearm.

bb.    On or about March 7, 2013, JORGE LUIS OLIVERA was in possession of a .22 caliber firearm, and was also holding a .38 caliber firearm for MARIO CARDENAS.

cc.    On or about March 10, 2013, JORGE LUIS OLIVERA was in the possession of and brandished a firearm.

dd.    On April 18, 2013, JOSE ANGEL MORENO possessed with intent to distribute and distributed approximately 13.5 grams of actual methamphetamine.

ee.    On or about June 2, 2013, SSP conducted a meeting, in which JESSE PARRA, JOSE ANGEL MORENO, GILBERTO VILLELA, and other SSP members participated and in which they discussed the imminent release of a Mexican Mafia member who would unite the Sureño gangs in San Jose and make SSP headquarters.   They also discussed that SSP members would be on a "green light" list if there were problems for this Mexican Mafia member.

ff.    On or about September 15, 2013, SSP conducted a meeting, in which FERNANDO CRUZ, JORGE CISNEROS, FELIZ HERNANDEZ CRISTOBAL, JESSE PARRA, ALFREDO MALDONADO, MARIO CARDENAS, and other SSP members participated, and in which they discussed that "homies" were collecting taxes from each San Jose based Sureño gang and each was responsible for $200, that it was a mandatory contribution and in exchange they would be supplied with methamphetamine and firearms, and that if they did not pay the tax, the gang would be placed on a

SECOND SUPERSEDING INDICTMENT        11

1  "green light" list.  JESSE PARRA stated that SSP had already paid for September and October.  JESSE

2  PARRA collected additional funds from the SSP members to be used to purchase new firearms for the

3  "hood."  They discussed that more Norteños were walking or driving through SSP territory and it was

4  important for SSP members to regularly "post up."  SSP members "jumped in" a new member in an

5  alley near El Grullo restaurant.

6          gg.    On or about October 27, 2013, SSP conducted a meeting, in which JORGE

7  CISNEROS, ALFREDO MALDONADO, FELIX HERNANDEZ CRISTOBAL, JORGE LUIS

8  OLIVERA, FERNANDO CRUZ, JOSE ANGEL MORENO, and other SSP members participated, and

9  in which they read aloud a letter from the "Big Homies" directing Sureños to tax neighborhood

10  businesses, sell narcotics, collect taxes from pimps in the neighborhood, and to know their Norteño

11  enemies.  The SSP members agreed to organize sales of narcotics, they collected money for their

12  monthly taxes, and they "jumped in" a new member.

13          hh.    On or about November 24, 2013, SSP conducted a meeting, in which JORGE

14  CISNEROS, ALFREDO MALDONADO, FELIX HERNANDEZ CRISTOBAL, MARIO CARDENAS,

15  and other SSP members participated, and in which they collected money for the monthly taxes and

16  "jumped in" a new member.

17          ii.    On November 26, 2013, ALFREDO MALDONADO possessed with intent to

18  distribute and distributed approximately 26.6 grams of actual methamphetamine.

19          jj.    On or about December 1, 2013, SSP had a meeting in which a number of SSP

20  members attended, including FELIX HERNANDEZ CRISTOBAL, FERNANDO CRUZ, GILBERTO

21  VILLELA, and MARIO CARDENAS, in which they discussed a recent incident where a Norteño shot

22  at an SSP member.  The SSP members also collected money for monthly taxes.

23          kk.    On or about December 2, 2013, an SSP member met with JESUS MANUEL

24  ARMENDARIZ at his tattoo shop and discussed the requirement that San Jose based Sureño gangs were

25  required to pay monthly taxes that ARMENDARIZ was collecting and paying to the "Big Homies."

26  During the meeting, the SSP member paid taxes to ARMENDARIZ.  ARMENDARIZ stated that he was

27  obtaining firearms and methamphetamine through the "Big Homies" for distribution to the San Jose

28  based Sureño gangs.

ll.     On December 30, 2013, JESUS MANUEL ARMENDARIZ possessed with intent to distribute and distributed approximately 27.7 grams of actual methamphetamine.

mm.     On or about January 12, 2014, SSP conducted a meeting in which GILBERTO VILLELA, MARIO GUERRERO, JORGE LUIS OLIVERA, RAFAEL MARISCAL CAMBEROS, and other SSP members attended, and in which they discussed paying gang "taxes." They jumped in three new members. One SSP member was "regulated" for stealing from one of the SSP members.

nn.     On or about January 22, 2014, JORGE LUIS OLIVERA and MARIO GUERRERO possessed with intent to distribute and distributed 13.7 grams of actual methamphetamine.

oo.     On or about January 30, 2014, JESUS MANUEL ARMENDARIZ possessed with intent to distribute approximately 954 grams gross weight with packaging of a mixture or substance containing a detectable amount of methamphetamine, its slats, isomers, or salts of its isomers.

pp.     On or about January 30, 2014, JESUS MANUEL ARMENDARIZ possessed a Springfield XD handgun, loaded with 13 rounds of ammunition, a Smith and Wesson MNP handgun, a Smith and Wesson .45 caliber magazine, a .40 caliber Taurus PT24-7 handgun with no visible serial number, a Taurus PT24-7 magazine inside the handgun, an AR-15 semi-automatic rifle with no visible serial number, and a Springfield Armory .45 ACP magazine.

qq.     On or about January 30, 2014, pursuant to a search of 890 S. Almaden Avenue in San Jose, law enforcement discovered and seized a loaded .25 caliber Taurus firearm in the dresser drawer in the room in which JORGE LUIS OLIVERA was staying.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:     (18 U.S.C. § 1959(a)(5) - Conspiracy to Commit Murder in Aid of Racketeering)

23.     Paragraphs 1 through 15 and 18 through 22 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

24.     At all times relevant to this Second Superseding Indictment, SSP constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

SECOND SUPERSEDING INDICTMENT     13

25. At all times relevant to this Second Superseding Indictment, SSP, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving: murder in violation of California Penal Code, Sections 187, 188, 189, 182, 21a, 664, and 653f; robbery in violation of California Penal Code, Sections 211, 212.5, 213, 182, 21a, and 664; extortion in violation of California Penal Code, Sections 518, 519, 520, 524, and 182; conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846; and distribution and possession with intent to distribute methamphetamine and cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

26. Beginning on a date unknown to the Grand Jury but since at least 2009, and continuing up through and including the present, in the Northern District of California and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an enterprise engaged in racketeering activity, the defendants,

(1)
(2)   GILBERTO VILLELA, a/k/a "Snowman,"
(3)
(4)   FRANCISCO FONSECA, a/k/a "Griffo,"
(5)   JORGE CISNEROS, a/k/a "Sleepy,"
(6)   DANIEL CORTEZ, a/k/a "Little Temper,"
(7)   MIGUEL VASQUEZ, a/k/a "Tweety,"
(8)   MARCOS SALVADOR LOMELI, a/k/a "Cookie,"
(9)   JESSE PARRA, a/k/a "Little Looney,"
(10)  JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"
(11)  FERNANDO CRUZ, a/k/a "Nano,"
(12)  ALFREDO MALDONADO, a/k/a "Junior,"
(13)  JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
(14)  FELIX HERNADEZ CRISTOBAL, a/k/a "Pato,"
(15)  JORGE LUIS OLIVERA, a/k/a "Chivo,"
(16)  ROBERTO MARTINEZ, a/k/a "Espantos,"
(17)  JORGE RODRIGUEZ, a/k/a "Brownie,"
(18)  OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete,"
(19)  RICARDO MONTOYA, a/k/a "Necio,"
(20)  MARIO CARDENAS, a/k/a "Trusty,"
(21)
(22)
(23)  DENIS SANDOVAL, a/k/a "Criminal,"

together with others known and unknown, unlawfully, knowingly, and intentionally did combine, conspire, confederate, and agree together and with each other to commit murder, in violation of

SECOND SUPERSEDING INDICTMENT        14

1  California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and with each

2  other to kill actual and suspected Norteños, actual and suspected members of other gangs, and

3  individuals within SSP suspected of cooperating with law enforcement and/or violating SSP "rules," in

4  order to maintain and increase their standing within the racketeering enterprise known as SSP.

5         All in violation of Title 18, United States Code, Section 1959(a)(5).

6  COUNT THREE:      (18 U.S.C. § 1959(a)(6) - Conspiracy to Commit Assault with a Dangerous
                     Weapon in Aid of Racketeering)

7

8         27.    Paragraphs 1 through 16, and 19 through 23 of this Second Superseding Indictment are

9  realleged and incorporated by reference as though fully set forth herein.

10        28.    Beginning on a date unknown to the Grand Jury but since at least 2009, and continuing

11  up through and including the present, in the Northern District of California and elsewhere, as

12  consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of

13  pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing

14  position in SSP, an enterprise engaged in racketeering activity, the defendants,

15                     (1)
                       (2)    GILBERTO VILLELA, a/k/a "Snowman,"
16                     (3)
                       (4)    FRANCISCO FONSECA, a/k/a "Griffo,"
17                     (5)    JORGE CISNEROS, a/k/a "Sleepy,"
                       (6)    DANIEL CORTEZ, a/k/a "Little Temper,"
18                     (7)    MIGUEL VASQUEZ, a/k/a "Tweety,"
                       (8)    MARCOS SALVADOR LOMELI, a/k/a "Cookie,"
19                     (9)    JESSE PARRA, a/k/a "Little Looney,"
                       (10)   JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"
20                     (11)   FERNANDO CRUZ, a/k/a "Nano,"
                       (12)   ALFREDO MALDONADO, a/k/a "Junior,"
21                     (13)   JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
                       (14)   FELIX HERNADEZ CRISTOBAL, a/k/a "Pato,"
22                     (15)   JORGE LUIS OLIVERA, a/k/a "Chivo,"
                       (16)   ROBERTO MARTINEZ, a/k/a "Espantos,"
23                     (17)   JORGE RODRIGUEZ, a/k/a "Brownie,"
                       (18)   OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete,"
24                     (19)   RICARDO MONTOYA, a/k/a "Necio,"
                       (20)   MARIO CARDENAS, a/k/a "Trusty,"
25                     (21)
                       (22)
26                     (23)   DENIS SANDOVAL, a/k/a "Criminal,"

27  together with others known and unknown, unlawfully, knowingly, and intentionally did combine,

28  conspire, confederate, and agree together and with each other to commit assault with a dangerous

SECOND SUPERSEDING INDICTMENT        15

1   weapon, in violation of California Penal Code Section 245(a)(1), to wit, the defendants agreed together

2   and with each other to attack with firearms, knives, and other dangerous weapons actual and suspected

3   Norteños, actual and suspected members of other gangs, and individuals within SSP suspected of

4   cooperating with law enforcement and/or violating SSP "rules," in order to maintain and increase their

5   standing within the racketeering enterprise known as SSP.

6       All in violation of Title 18, United States Code, Section 1959(a)(6).

7   COUNT FOUR:     (18 U.S.C. § 924(c)(1)(A) and 2 - Use/Possession of Firearm in Furtherance of
                         Crime of Violence)

8

9      29.    Beginning on a date unknown to the Grand Jury but since at least 2009, and continuing

10   up through and including the present, in the Northern District of California and elsewhere, the

11   defendants,

12               (1)
              (2)   GILBERTO VILLELA, a/k/a "Snowman,"

13              (3)
              (4)   FRANCISCO FONSECA, a/k/a "Griffo,"

14              (5)   JORGE CISNEROS, a/k/a "Sleepy,"
              (6)   DANIEL CORTEZ, a/k/a "Little Temper,"

15              (7)   MIGUEL VASQUEZ, a/k/a "Tweety,"
               (8)   MARCOS SALVADOR LOMELI, a/k/a "Cookie,"

16              (9)   JESSE PARRA, a/k/a "Little Looney,"
             (10)   JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"

17             (11)   FERNANDO CRUZ, a/k/a "Nano,"
             (12)   ALFREDO MALDONADO, a/k/a "Junior,"

18             (13)   JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
             (14)   FELIX HERNADEZ CRISTOBAL, a/k/a "Pato,"

19             (15)   JORGE LUIS OLIVERA, a/k/a "Chivo,"
             (16)   BENITO CANALES, a/k/a "Dopey,"

20             (17)   RAFAEL MARISCAL CAMBEROS, a/k/a "Bad Boy,"
             (18)   MARIO CARDENAS, a/k/a "Trusty,"

21             (19)

22   each aided and abetted by each other, together with others known and unknown, unlawfully, willfully,

23   and knowingly did use and carry a firearm during and in relation to a crime of violence for which they

24   may be prosecuted in a court of the United States, namely, the SSP racketeering conspiracy charged in

25   Count One of this Second Superseding Indictment, the conspiracy to commit murder in aid of

26   racketeering charged in Count Two of this Second Superseding Indictment, and the conspiracy to

27   commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this Second

28   Superseding Indictment, and did possess a firearm in furtherance of the offenses charged in Count One,

SECOND SUPERSEDING INDICTMENT     16

1  Count Two, and Count Three of this Second Superseding Indictment, and did brandish a firearm in

2  relation to and in furtherance of the offenses charged in Count One, Count Two, and Count Three of this

3  Second Superseding Indictment, and did discharge a firearm in relation to and in furtherance of the

4  offenses charged in Count One, Count Two, and Count Three of this Second Superseding Indictment, to

5  wit, the defendants possessed, used, brandished, discharged and had available for their use a variety of

6  firearms to further the goals and activities of SSP.

7      All in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

8  COUNT FIVE:        (18 U.S.C. § 1959(a)(1) and 2 - Murder in Aid of Racketeering of Victim 7)

9      30.    Paragraphs 1 through 15, 18 through 22, and 24 through 25, of this Second Superseding

10 Indictment are re-alleged and incorporated by reference as though fully set forth herein.

11     31.    On or about October 23, 2011, in the Northern District of California, as consideration for

12 the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

13 from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

14 enterprise engaged in racketeering activity, the defendants,

15                    ROBERTO MARTINEZ. a/k/a "Espantos." and

16

17 together with others known and unknown, unlawfully, knowingly, and intentionally did deliberately and

18 with premeditation murder Victim 7, in violation of California Penal Code Sections 187, 188, and 189.

19     All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

20 COUNT SIX:        (18 U.S.C. § 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering of
                    Victim 1)
21

22     33.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding

23 Indictment are re-alleged and incorporated by reference as though fully set forth herein.

24     34.    On or about December 19, 2009, in the Northern District of California, as consideration

25 for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

26 from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

27 enterprise engaged in racketeering activity, the defendants,

28                    JORGE RODRIGUEZ, a/k/a "Brownie,"
                    OSCAR MARTINEZ, a/k/a "Cuete,"

SECOND SUPERSEDING INDICTMENT        17

1    RICARDO MONTOYA, a/k/a "Necio,"

2    together with others known and unknown, unlawfully, knowingly, and intentionally did attempt to

3    murder Victim 1, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

4        All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

5    COUNT SEVEN:    (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of
                        Racketeering of Victim 1)

6

7        35.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding

8    Indictment are re-alleged and incorporated by reference as though fully set forth herein.

9        36.    On or about December 19, 2009, in the Northern District of California, as consideration

10   for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

11   from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

12   enterprise engaged in racketeering activity, the defendants,

13                    JORGE RODRIGUEZ, a/k/a "Brownie,"
                     OSCAR MARTINEZ, a/k/a "Cuete,"
14                   RICARDO MONTOYA, a/k/a "Necio,"

15   together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 2

16   with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

17       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

18   COUNT EIGHT:    (18 U.S.C. § 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering of
                        Victim 2)

19

20       37.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding

21   Indictment are re-alleged and incorporated by reference as though fully set forth herein.

22       38.    On or about April 1, 2010, in the Northern District of California, as consideration for the

23   receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from

24   SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

25   enterprise engaged in racketeering activity, the defendants,

26                    JESSE PARRA, a/k/a "Lil Looney,"
27                   JORGE CISNEROS, a/k/a "Sleepy,"

28

SECOND SUPERSEDING INDICTMENT      18

1  together with others known and unknown, unlawfully, knowingly, and intentionally did attempt to

2  murder Victim 2, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

3          All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

4  COUNT NINE:          (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of
                         Racketeering of Victim 2)

5

6          39.     Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding

   Indictment are re-alleged and incorporated by reference as though fully set forth herein.

7          40.     On or about April 1, 2010, in the Northern District of California, as consideration for the

8  receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from

9  SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

10 enterprise engaged in racketeering activity, the defendants,

11

12                          JESSE PARRA, a/k/a "Lil Looney,"
                            JORGE CISNEROS, a/k/a "Sleepy,"

13

14 together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 2

15 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

16          All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

17 COUNT TEN:           (18 U.S.C. § 924(c)(1)(A) and 2 - Use/Possession of Firearm in Furtherance of
                        Crime of Violence)

18

19          41.     On or about April 1, 2010, in the Northern District of California, the defendant,

20

21 together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a

22 firearm during and in relation to a crime of violence or possess in furtherance of a crime of violence for

23 which he may be prosecuted in a court of the United States, namely, the SSP racketeering conspiracy

24 charged in Count One of this Second Superseding Indictment, the conspiracy to commit murder in aid of

25 racketeering charged in Count Two of this Second Superseding Indictment, and the conspiracy to

26 commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this Second

27 Superseding Indictment, the attempted murder in aid of racketeering of Victim 3 charged in Count Eight

28 of this Second Superseding Indictment, and the assault with a deadly weapon in aid of racketeering of

SECOND SUPERSEDING INDICTMENT          19

1  Victim 3 charged in Count Nine of this Second Superseding Indictment, and did brandish a firearm

2  during and in relation to and in furtherance of the offenses charged in Counts One through Three and

3  Eight and Nine of this Second Superseding Indictment, and did discharge a firearm during and in

4  relation to and in furtherance of the offenses charged in Counts One through Three and Eight and Nine

5  of this Second Superseding Indictment.

6      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

7  COUNT ELEVEN:   (18 U.S.C. § 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering of Victim 5)

8

9      42.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

10

11     43.    On or about September 2, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

12 from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

13 enterprise engaged in racketeering activity, the defendants,

14
15                 GILBERTO VILLELA, a/k/a "Snowman,"
                DENIS SANDOVAL, a/k/a "Criminal,"
                JESSE PARRA, a/k/a "Lil Looney,"

16

17 together with others known and unknown, unlawfully, knowingly, and intentionally did attempt to

18 murder Victim 5, in violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

19     All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

20 COUNT TWELVE:   (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim 5)

21

22     44.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

23

24     45.    On or about September 2, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value

25 from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an

26 enterprise engaged in racketeering activity, the defendants,

27
28                 GILBERTO VILLELA, a/k/a "Snowman,"
                DENIS SANDOVAL, a/k/a "Criminal,"
                JESSE PARRA, a/k/a "Lil Looney,"

together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 5 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT THIRTEEN: (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim 6)

46.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

47.    On or about September 2, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an enterprise engaged in racketeering activity, the defendants,

GILBERTO VILLELA, a/k/a "Snowman,"
DENIS SANDOVAL, a/k/a "Criminal,"
JESSE PARRA, a/k/a "Lil Looney,"

together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 6 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FOURTEEN:        (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim 8)

48.    Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

49.    On or about November 4, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an enterprise engaged in racketeering activity, the defendants,

FERNANDO CRUZ, a/k/a "Nano,"
ROBERTO MARTINEZ, a/k/a "Espantos,"

SECOND SUPERSEDING INDICTMENT        21

together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 8 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FIFTEEN:    (18 U.S.C. § 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim 9)

50.     Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

51.     On or about November 4, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an enterprise engaged in racketeering activity, the defendants,

FERNANDO CRUZ, a/k/a "Nano,"
ROBERTO MARTINEZ, a/k/a "Espantos,"

together with others known and unknown, unlawfully, knowingly, and intentionally did assault Victim 9 with a dangerous weapon, in violation of California Penal Code Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT SIXTEEN:    (18 U.S.C. § 1959(a)(4) – Threatening to Commit a Crime of Violence in Aid of Racketeering of Victim 8)

52.     Paragraphs 1 through 15, 18 through 22, and 24 through 25 of this Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

53.     On or about November 4, 2011, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from SSP, and for the purpose of gaining entrance to and maintaining and increasing position in SSP, an enterprise engaged in racketeering activity, the defendant,

FERNANDO CRUZ, a/k/a "NANO,"

together with others known and unknown, unlawfully, knowingly, and intentionally threaten to commit a crime of violence against Victim 8, in violation of California Penal Code Section 422.

All in violation of Title 18, United States Code, Sections 1959(a)(4).

1   <u>COUNT SEVENTEEN</u>:     (21 U.S.C. §§ 846, 841((a)(1), and 841(b)(1)(A)(viii) – Conspiracy to Distribute Methamphetamine)

2

3       54.    Beginning on a date unknown to the Grand Jury, but since at least August, 2010, and

4 continuing up through and including January 30, 2014, both dates being approximate and inclusive, in

5 the Northern District of California, and elsewhere, the defendants,

6                 (1)
                (2)  MIGUEL MIRANDA, a/k/a "Payaso,"

7                 (3)  GILBERTO VILLELA, a/k/a "Snowman"

                (4)
8                 (5)  JESSE AGUILAR, a/k/a "Munchies,"
                (6)  FRANCISCO FONSECA, a/k/a "Griffo,"

9                 (7)  JORGE CISNEROS, a/k/a "Sleepy,"
                (8)  DANIEL CORTES, A/K/A "Little Temper,"

10                (9)  JOSE DAVID SANCHEZ, a/k/a "Joker,"
               (10) MIGUEL VASQUEZ, a/k/a "Tweety,"

11                (11) JUAN CHAVEZ, a/k/a/ "Dukester."
               (12)

12                (13) JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"
               (14) FERNANDO CRUZ, a/k/a "Nano,"

13                (15) JESSE PARRA, a/k/a "Lil Looney,"
               (16) ALFREDO MALDONADO, a/k/a "Junior,"

14                (17) JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
               (18) FELIX HERNANDEZ CRISTOBAL, a/k/a "Pato"

15                (19) JORGE LUIS OLIVERA, a/k/a "Chivo"
               (20) MARIO GUERRERO, A/K/A "Lil Junior,"

16

17 and others, unlawfully and knowingly did conspire with each other and with others unknown to the

18 Grand Jury to distribute and possess with intent to distribute a controlled substance, to wit: 50 grams or

19 more of methamphetamine, its salt, isomers, and salts of its isomers.

20       All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii).

21 <u>COUNT EIGHTEEN</u>: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine)

22

23       55.    On or about August 4, 2010, in the Northern District of California, the defendants,

24                                 and
                     MIGUEL MIRANDA, a/k/a "Payaso,"

25

26 unlawfully and knowingly did distribute and possess with intent to distribute a controlled

27 substance, to wit: 50 grams or more of actual methamphetamine, its salts, isomers, and salts of isomers.

28

SECOND SUPERSEDING INDICTMENT     23

1      All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

2      COUNT NINETEEN:        (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to
                               Distribute and Distribution of 50 Grams or More of Methamphetamine)

3

4          56.    On or about September 9, 2010, in the Northern District of California, the defendant,

5                               GILBERTO VILLELA, a/k/a "Snowman,"

6      unlawfully and knowingly did distribute and possess with intent to distribute a controlled

7      substance, to wit: 50 grams and more of actual methamphetamine, its salts, isomers, and salts of

8      isomers.

9          All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

10     COUNT TWENTY:          (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to
                               Distribute and Distribution of 50 Grams or More of Methamphetamine)

11

12         57.    On or about November 9, 2010, in the Northern District of California, the defendant,

13

14     unlawfully and knowingly did distribute and possess with intent to distribute a controlled

15     substance, to wit: 50 grams and more of actual methamphetamine, its salts, isomers, and salts of

16     isomers.

17         All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

18     COUNT TWENTY-ONE:      (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to
                               Distribute and Distribution of 50 Grams or More of Methamphetamine)

19

20         58.    On or about December 22, 2010, in the Northern District of California, the defendant,

21                               JESSE AGUILAR, a/k/a "Munchies,"

22     unlawfully and knowingly did distribute and possess with intent to distribute a controlled

23     substance, to wit: 50 grams and more of actual methamphetamine, its salts, isomers, and salts of

24     isomers.

25         All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

26     COUNT TWENTY-TWO:      (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to
                               Distribute and Distribution of 5 Grams or More of Methamphetamine)

27

28         59.    On or about February 4, 2011, in the Northern District of California, the defendant,

SECOND SUPERSEDING INDICTMENT      24

1                                     FRANCISCO FONSECA, a/k/a "Griffo,"

2 unlawfully and knowingly did distribute and possess with intent to distribute a controlled

3 substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

4            All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

5 COUNT TWENTY-THREE: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

6

7        60.     On or about April 13, 2011, in the Northern District of California, the defendant,

8

9 unlawfully and knowingly did distribute and possess with intent to distribute a controlled

10 substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

11            All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

12 COUNT TWENTY-FOUR:   (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

13

14        61.     On or about April 14, 2011, in the Northern District of California, the defendant,

15

16 unlawfully and knowingly did distribute and possess with intent to distribute a controlled

17 substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

18            All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

19 COUNT TWENTY-FIVE:     (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

20

21        62.     On or about July 6, 2011, in the Northern District of California, the defendant,

22                                JORGE CISNEROS, a/k/a "Sleepy,"

23 unlawfully and knowingly did distribute and possess with intent to distribute a controlled

24 substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

25            All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

26 COUNT TWENTY-SIX:      (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

27

28        63.     On or about October 10, 2011, in the Northern District of California, the defendant,

SECOND SUPERSEDING INDICTMENT      25

1    DANIEL CORTEZ, a/k/a "Lil Temper,"

2  unlawfully and knowingly did distribute and possess with intent to distribute a controlled

3  substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

4    All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

5  COUNT TWENTY-SEVEN: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

6

7    64.    On or about October 19, 2011, in the Northern District of California, the defendant,

FERNANDO CRUZ, a/k/a "Nano,"

8

9  unlawfully and knowingly did distribute and possess with intent to distribute a controlled

10  substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

11    All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

12  COUNT TWENTY-EIGHT: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

13

14    65.    On or about October 20, 2011, in the Northern District of California, the defendants,

15    JUAN CHAVEZ, a/k/a "Dukester,"

16

17  unlawfully and knowingly did distribute and possess with intent to distribute a controlled

18  substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

19    All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

20  COUNT TWENTY-NINE:    (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

21

22    66.    On or about October 26, 2011, in the Northern District of California, the defendants,

23    JUAN CHAVEZ, a/k/a "Dukester,'

24

25  unlawfully and knowingly did distribute and possess with intent to distribute a controlled

26  substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

27    All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

28  COUNT THIRTY:    (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

67.     On or about February 28, 2012, in the Northern District of California, the defendants,

DANIEL CORTEZ, a/k/a "Lil Temper," and
JOSE DAVID SANCHEZ, a/k/a "Joker,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-ONE:        (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

68.     On or about April 17, 2012, in the Northern District of California, the defendant,

MIGUEL VASQUEZ, a/k/a "Tweety,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-TWO:        (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

69.     On or about April 18, 2013, in the Northern District of California, the defendant,

JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-THREE:      (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

70.     On or about November 26, 2013, in the Northern District of California, the defendant,

ALFREDO MALDONADO, a/k/a "Junior,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-FOUR:       (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

71.     On or about December 30, 2013, in the Northern District of California, the defendant,

JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-FIVE:     (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine)

72.     On or about January 22, 2014, in the Northern District of California, the defendants,

JORGE LUIS OLIVERA, a/k/a "Chivo," and
MARIO GUERRERO, a/k/a "Lil Junior,"

unlawfully and knowingly did distribute and possess with intent to distribute a controlled

substance, to wit: 5 grams and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT THIRTY-SIX:     (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to Distribute 50 Grams or More of Methamphetamine)

73.     On or about January 30, 2014, in the Northern District of California, the defendant,

JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"

unlawfully and knowingly did possess with intent to distribute a controlled substance, to wit: 50 grams

and more of actual methamphetamine, its salts, isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

COUNT THIRTY-SEVEN:     (18 U.S.C. §§ 924(c)(1)(A)(i) and (2) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

74.     On or about January 30, 2014, in the Northern District of California, the defendant,

JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"

unlawfully and knowingly possessed a firearm in furtherance of the offense charged in Count Thirty-

Seven of this Second Superseding Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

SECOND SUPERSEDING INDICTMENT     28

1  COUNT THIRTY-EIGHT:   (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm)

2      75.    On or about September 21, 2010, in the Northern District of California, the defendant,

3                          MARCOS SALVADOR LOMELI, a/k/a "Cookie,"

4  having been previously convicted of a crime punishable by a term of imprisonment exceeding one year,

5  unlawfully and knowingly possessed a firearm, to wit: a Ruger, model Police Service Six, .357 magnum,

6  serial number removed, in and affecting interstate commerce.

7      All in violation of Title 18, United States Code, Section 922(g)(1).

8  COUNT THIRTY-NINE:      (18 U.S.C. § 922(k) – Possession of a Firearm with Serial Number
                           Removed)

9

10     76.    On or about September 21, 2010, in the Northern District of California, the defendant,

11                         MARCOS SALVADOR LOMELI, a/k/a "Cookie,"

12  unlawfully and knowingly possessed a firearm, to wit: a Ruger, model Police Service Six, .357 magnum,

13  serial number removed, in and affecting interstate commerce.

14     All in violation of Title 18, United States Code, Section 922(k).

15  COUNT FORTY:           (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and
                           Ammunition)

16

17     77.    On or about December 26, 2010, in the Northern District of California, the defendant,

18                          FRANCISCO FONSECA, a/k/a "Griffo,"

19  having been previously convicted of a crime punishable by a term of imprisonment exceeding one year,

20  unlawfully and knowingly possessed a firearm and ammunition, to wit: a Harrington and Richardson .32

21  caliber revolver, serial number AX042430, and six rounds of .32 caliber Remington Peters ammunition,

22  in and affecting interstate commerce.

23     All in violation of Title 18, United States Code, Section 922(g)(1).

24  COUNT FORTY-ONE:       (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm and
                           Ammunition)

25

26     78.    On or about July 18, 2011, in the Northern District of California, the defendant,

27                     JESSE PARRA, a/k/a "Lil Looney," and
                       ANDY LAMB LOPEZ, a/k/a "Solo,"

28

SECOND SUPERSEDING INDICTMENT        29

1 | having been previously convicted of a crime punishable by a term of imprisonment exceeding one year,

2 | unlawfully and knowingly possessed a firearm and ammunition, to wit: a .22 caliber Ruger, serial

3 | number 13-89661, and seventeen rounds of Cascade Cartridge Inc. ammunition, in and affecting

4 | interstate commerce.

5 |     All in violation of Title 18, United States Code, Section 922(g)(1).

6 | FIRST FORFEITURE ALLEGATION: (18 U.S.C. § 924(d) - Forfeiture of Firearms)

7 |     79.    The factual allegations contained in Counts Thirty-Seven through Forty-One of this

8 | Second Superseding Indictment are re-alleged and by this reference fully incorporated herein for the

9 | purpose of alleging forfeiture pursuant to the provisions 18 U.S.C. § 924(d)(1).

10 |     80.    Upon a conviction for the offense alleged in Count Thirty-Seven, the defendant,

11 |         JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"

12 | shall forfeit to the United States any firearm, silencer, or ammunition involved in or used in any

13 | knowing violation of said offenses, including, but not limited to, the following property:

14 |     a.    a Springfield XD firearm, with 13 rounds of ammunition.

15 |     Pursuant to Title 18, United States Code, Section 924(d)(1).

16 |     81.    Upon a conviction for the offense alleged in Count Thirty-Eight or Thirty-Nine, the

17 | defendant,

18 |         MARCOS SALVADOR LOMELI, a/k/a "Cookie,"

19 | shall forfeit to the United States any firearm, silencer, or ammunition involved in or used in any

20 | knowing violation of said offenses, including, but not limited to, the following property:

21 |     a.    a Ruger, model Police Service Six, .357 magnum, serial number removed.

22 |     Pursuant to Title 18, United States Code, Section 924(d)(1).

23 |     82.    Upon a conviction for the offense alleged in Count Forty, the defendant,

24 |         FRANCISCO FONSECA, a/k/a "Griffo,"

25 | shall forfeit to the United States any firearm, silencer, or ammunition involved in or used in any

26 | knowing violation of said offenses, including, but not limited to, the following property:

27 |     a.    Harrington and Richardson .32 caliber revolver, serial number AX042430, and

28 |     b.    six rounds of .32 caliber Remington Peters ammunition.

SECOND SUPERSEDING INDICTMENT    30

1   Pursuant to Title 18, United States Code, Section 924(d)(1).

2       83.    Upon a conviction for the offense alleged in Count Forty-One, the defendant,

3              JESSE PARRA, a/k/a "Lil Looney,"

4   shall forfeit to the United States any firearm, silencer, or ammunition involved in or used in any

5   knowing violation of said offenses, including, but not limited to, the following property:

6           a.    a .22 caliber Ruger, serial number 13-89661; and

7           b.    seventeen rounds of Cascade Cartridge Inc. ammunition.

8   Pursuant to Title 18, United States Code, Section 924(d)(1).

9       84.    Upon a conviction for the offense alleged in Count Forty-One, the defendant,

10              ANDY LAMB LOPEZ, a/k/a "Solo,"

11   shall forfeit to the United States any firearm, silencer, or ammunition involved in or used in any

12   knowing violation of said offenses, including, but not limited to, the following property:

13           a.    a .22 caliber Ruger, serial number 13-89661; and

14           b.    seventeen rounds of Cascade Cartridge Inc. ammunition.

15   Pursuant to Title 18, United States Code, Section 924(d)(1).

16   SECOND FORFEITURE ALLEGATION: (21 U.S.C. § 853) (Property Forfeiture)

17       85.    The factual allegations contained in Counts Seventeen through Thirty-Six of this Second

18   Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of

19   alleging forfeiture pursuant to the provisions of 21 U.S.C. §§ 853(a)(1) and (2).

20       86.    Upon a conviction of the offenses alleged in Counts Seventeen through Thirty-Six, the

21   defendants,

22           (1)
        (2) MIGUEL MIRANDA, a/k/a "Payaso,"

23           (3) GILBERTO VILLELA, a/k/a "Snowman"

24           (4)
        (5) JESSE AGUILAR, a/k/a "Munchies,"

25           (6) FRANCISCO FONSECA, a/k/a "Griffo,"
        (7) JORGE CISNEROS, a/k/a "Sleepy,"

26           (8) DANIEL CORTES, A/K/A "Little Temper,"
        (9) JOSE DAVID SANCHEZ, a/k/a "Joker,"

27           (10) MIGUEL VASQUEZ, a/k/a "Tweety,"
        (11) JUAN CHAVEZ. a/k/a/ "Dukester."

28           (12)
        (13) JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"

(14) FERNANDO CRUZ, a/k/a "Nano,"
(15) JESSE PARRA, a/k/a "Lil Looney,"
(16)
(17) ALFREDO MALDONADO, a/k/a "Junior,"
(18) JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"
(19) FELIX HERNANDEZ CRISTOBAL, a/k/a "Pato"
(20) JORGE LUIS OLIVERA, a/k/a "Chivo"
(21) MARIO GUERRERO, A/K/A "Lil Junior,"

shall forfeit to the United States, all right, title, and interest in property constituting and derived from any proceeds defendants obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the said violations.

87.     If, as a result of any act or omission of the defendants, any of said property:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States.

Pursuant to 21 U.S.C. § 853(a)(1) and (2), (p), and Rule 32.2 of the Federal Rules of Criminal Procedure.

NOTICE OF SPECIAL SENTENCING FACTORS

Number 1: Conspiracy to Commit Murder

88.     Beginning on a date unknown to the Grand Jury but since at least 2009, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

(1)
(2)     GILBERTO VILLELA. a/k/a "Snowman,"
(3)
(4)     JESSE AGUILAR, a/k/a "Munchies,"
(5)     FRANCISCO FONSECA, a/k/a "Griffo,"
(6)     JORGE CISNEROS, a/k/a "Sleepy,"

SECOND SUPERSEDING INDICTMENT        32

|     |                                                    |
|-----|----------------------------------------------------|
| (7) | DANIEL CORTEZ, a/k/a "Little Temper,"              |
| (8) | MIGUEL VASQUEZ, a/k/a "Tweety,"                    |
| (9) | MARCOS SALVADOR LOMELI, a/k/a "Cookie,"            |
| (10)| JESSE PARRA, a/k/a "Little Looney,"                |
| (11)| JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"          |
| (12)| FERNANDO CRUZ, a/k/a "Nano,"                       |
| (13)| ALFREDO MALDONADO, a/k/a "Junior,"                 |
| (14)| JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"           |
| (15)| FELIX HERNADEZ CRISTOBAL, a/k/a "Pato,"            |
| (16)| JORGE LUIS OLIVERA, a/k/a "Chivo,"                 |
| (17)| BENITO CANALES, a/k/a "Dopey,"                     |
| (18)| RAFAEL MARISCAL CAMBEROS, a/k/a "Bad Boy,"         |
| (19)| ROBERTO MARTINEZ, a/k/a "Espantos,"                |
| (20)| JORGE RODRIGUEZ, a/k/a "Brownie,"                  |
| (21)| OSCAR MARTINEZ, a/k/a "Cuete,"                     |
| (22)| RICARDO MONTOYA, a/k/a "Necio,"                    |
| (23)| MARIO CARDENAS, a/k/a "Trusty,"                    |
| (24)|                                                    |
| (25)|                                                    |

together with others known and unknown to the Grand Jury, each being a person employed by and associated with SSP, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed together and with each other to kill, with malice aforethought, actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of SSP.

Number 2: ROBERTO MARTINEZ AND JUAN SANDOVAL - First Degree Murder of Victim 7

91.     On or about October 23, 2011, in the Northern District of California, the defendants,

ROBERTO MARTINEZ, a/k/a "Espantos," and

///
///
///
///
///
///
///
///

1  unlawfully, wilfully and intentionally and with deliberation and premeditation, did kill, with malice

2  aforethought, Victim 7, in violation of California Penal Code Sections 187, 188, and 189.

3

4  DATED:        3-18-14                          A TRUE BILL

5

6                                                 _____
                                                 FOREPERSON

7

8  MELINDA HAAG
   United States Attorney

9

10 _____
   J. DOUGLAS WILSON

11 Chief, Criminal Division

12

13 (Approved as to form: _____
                         CYNTHIA M. FREY

14                       Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND SUPERSEDING INDICTMENT          34

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                    ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
**NORTHERN DISTRICT OF CALIFORNIA**

#### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

#### DEFENDANT - U.S.

▶ DENIS SANDOVAL, a/k/a "Criminal."

**DISTRICT COURT NUMBER**
CR 11-0355 DLJ

*FILED*

*MAR 1 8 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

#### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
   ☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM       MELINDA HAAG
            ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

#### DEFENDANT

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction         } ☐ Fed'l  ☐ State
6) ☐ Awaiting trial on other
      charges
      If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes      If "Yes"
been filed?      ☐ No       give date
                            filed

DATE OF          Month/Day/Year
ARREST

   Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

#### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
   ☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No Bail

   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance
   Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

   Date/Time:

   Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## DENIS SANDOVAL, a/k/a "Criminal,"

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-5 for each count]**
**Count 11**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-5 for each count]**
**Count 12**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

1

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-6 for each count]**
**Count 13**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                  ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

┌─ DEFENDANT - U.S. ─
▶ MARIO CARDENAS, a/k/a "Trusty."

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*
MAR 1 0 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          MELINDA HAAG
☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     Cynthia M. Frey

### DEFENDANT

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
                           ☐ No

DATE OF ARREST          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☑ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance          *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
MARIO CARDENAS, a/k/a "Trusty,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**
| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**
| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**
| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

---

**OFFENSE CHARGED**

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

### SEALED
### BY COURT ORDER

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ RICARDO MONTOYA, a/k/a "Necio"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on THIS FORM
MELINDA HAAG
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) Cynthia M. Frey

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges       ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

Month/Day/Year

DATE OF ARREST

Or... if Arresting Agency & Warrant were not

Month/Day/Year

DATE TRANSFERRED TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT  Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
RICARDO MONTOYA, a/k/a "Necio,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
Imprisonment:          up to life
Supervised release:    up to 5 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**
Imprisonment:          up to 10 years
Supervised release:    up to 3 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**
Imprisonment:          up to 3 years
Supervised release:    up to 1 year
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-1 for each count]**
**Count 6**
Imprisonment:          up to 10 years
Supervised release:    up to 3 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

1

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering of Victim-1 for each count]**

**Count 7**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

---OFFENSE CHARGED---

SEE PENALTY SHEET ATTACHMENT

**SEALED**
**BY COURT ORDER**

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---DEFENDANT - U.S.---

▶ OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

MAR 1 0 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---DEFENDANT---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM   MELINDA HAAG

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   Cynthia M. Frey

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other
      charges        } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed

DATE OF    ▶
ARREST                  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶     Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
OSCAR MARTINEZ DELACRUZ, a/k/a "Cuete,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
Imprisonment:           up to life
Supervised release:     up to 5 years
Fine:                   Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                        defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:     $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**
Imprisonment:           up to 10 years
Supervised release:     up to 3 years
Fine:                   Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                        defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:     $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of
Racketeering]**
**Count 3**
Imprisonment:           up to 3 years
Supervised release:     up to 1 year
Fine:                   Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                        defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:     $100 (mandatory)

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-1
for each count]**
**Count 6**
Imprisonment:           up to 10 years
Supervised release:     up to 3 years
Fine:                   Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                        defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:     $100 (mandatory)

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering of
Victim-1 for each count]**
**Count 7**
Imprisonment:           up to 20 years
Supervised release:     up to 3 years
Fine:                   Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                        defendant; or (c) twice the gross pecuniary loss inflicted on another

Special assessment:    $100 (mandatory)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

### OFFENSE CHARGED
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED**
**BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

DEFENDANT - U.S.

▶ JORGE RODRIGUEZ, a/k/a/ "Brownie"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:        SHOW
  ☐ U.S. Att'y ☐ Defense   DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant            MAGISTRATE

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under       CASE NO.

Name and Office of Person
Furnishing Information on    MELINDA HAAG
THIS FORM
  ☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

### DEFENDANT

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          ☐ Fed'l ☐ State

  If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No      give date
                          filed          Month/Day/Year

**DATE OF
ARREST**                 Month/Day/Year

  Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**        Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS*  ☑ WARRANT  Bail Amount:  No Bail

  If Summons, complete following:
  ☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

                          Date/Time:

                          Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## JORGE RODRIGUEZ, a/k/a/ "Brownie,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-1 for each count]**
**Count 6**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering of Victim-1 for each count]**
**Count 7**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |

Special assessment:   $100 (mandatory)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

— OFFENSE CHARGED —

SEE PENALTY SHEET ATTACHMENT

**SEALED
BY COURT ORDER**

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

—— DEFENDANT - U.S. ——

▶ ROBERTO MARTINEZ, a/k/a "Espantos,"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 1 0 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—————— DEFENDANT ——————

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on   MELINDA HAAG
        THIS FORM
        ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
    (if assigned)   Cynthia M. Frey

**IS NOT IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges           ☐ Fed'l  ☐ State

    If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes  }  If "Yes"
been filed?    ☐ No   }  give date
                          filed

DATE OF                   Month/Day/Year
ARREST  ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

———— ADDITIONAL INFORMATION OR COMMENTS ————

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No Bail

    If Summons, complete following:
    ☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

    Defendant Address:
                                    Date/Time:

                                    Before Judge:

    Comments:

## PENALTY SHEET ATTACHMENT:
## ROBERTO MARTINEZ, a/k/a "Espantos,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering of Victim-7 Maximum punishment is death]
**Count 5**

| | |
|---|---|
| Imprisonment: | Life or death |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

❓ 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

### DEFENDANT - U.S.

▶ RAFAEL MARISCAL CAMBEROS, a/k/a "Bad Boy"

**FILED**

DISTRICT COURT NUMBER
CR 11-0355 DLJ

MAR 1 0 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges        ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No    If "Yes" give date filed

DATE OF ARREST ▶                 Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶        Month/Day/Year

---

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM        MELINDA HAAG
  ☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## RAFAEL MARISCAL CAMBEROS, a/k/a   "Bad Boy,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

—————— OFFENSE CHARGED ——————

SEE PENALTY SHEET ATTACHMENT

**SEALED BY COURT ORDER**

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

————————— Name of District Court, and/or Judge/Magistrate Location —————————
**NORTHERN DISTRICT OF CALIFORNIA**

—————— DEFENDANT - U.S. ——————

▶ BENITO CANALES, a/k/a "Dopey."

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—————— PROCEEDING ——————

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
MELINDA HAAG
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
Cynthia M. Frey

—————— DEFENDANT ——————

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed
Month/Day/Year

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☑ WARRANT   Bail Amount:  No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
BENITO CANALES, a/k/a "Dopey,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
Imprisonment:          up to life
Supervised release:    up to 5 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**
Imprisonment:          Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any
                       other term of imprisonment
Supervised release:    up to 5 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

---OFFENSE CHARGED---

SEE PENALTY SHEET ATTACHMENT

## SEALED
## BY COURT ORDER

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---DEFENDANT - U.S.---

~~FILED~~

▶ MARIO GUERRERO, a/k/a "Lil Junior"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

FEB 1 0 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---PROCEEDING---

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM    MELINDA HAAG

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

---DEFENDANT---

IS **NOT** IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?
☐ Yes
☐ No
If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not    Month/Day/Year

DATE TRANSFERRED ▶
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS ☑ NO PROCESS*    ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## MARIO GUERRERO, a/k/a "Lil Junior,"

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**

**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]**

**Count 35**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                ☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

### ─ OFFENSE CHARGED ─

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─ DEFENDANT - U.S. ─

▸ JORGE LUIS OLIVERA, a/k/a "Chivo"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 1 8 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### ─ PROCEEDING ─

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM        MELINDA HAAG

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      Cynthia M. Frey

### ─ DEFENDANT ─

**IS NOT IN CUSTODY**
     Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
     was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other      ☐ Fed'l  ☐ State
     charges

     If answer to (6) is "Yes", show name of institution

Has detainer     ☐ Yes    If "Yes"
been filed?      ☐ No      give date
                           filed

**DATE OF**                Month/Day/Year
**ARREST**    ▸

     Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**       Month/Day/Year
**TO U.S. CUSTODY**  ▸

☐ This report amends AO 257 previously submitted

### ─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## JORGE LUIS OLIVERA, a/k/a "Chivo,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]

**Count 35**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

### DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

SEE PENALTY SHEET ATTACHMENT

### SEALED
### BY COURT ORDER

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

**DEFENDANT - U.S.**

FELIX HERNANDEZ CRISTOBAL, a/k/a "Rato"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

FILED
MAR 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM          MELINDA HAAG
☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)          Cynthia M. Frey

---

**DEFENDANT**

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l   ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date filed

DATE OF
ARREST          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## FELIX HERNANDEZ CRISTOBAL, a/k/a "Pato,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**

**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**

**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**

**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**

**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**

**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

1

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

## SEALED
## BY COURT ORDER

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

**DEFENDANT - U.S.**

▶ JESUS MANUEL ARMENDARIZ, a/k/a "Chuzo"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

FILED

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. Att'y ☐ Defense

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE
CASE NO.

**Name and Office of Person**
Furnishing Information on MELINDA HAAG
THIS FORM

☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y**
(if assigned) Cynthia M. Frey

---

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## JESUS MANUEL ARMENDARIZ, a/k/a "Chumel,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

1

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**
**Count 34**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]**
**Count 36**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Drug Trafficking Crime]**
**Count 37**

| | |
|---|---|
| Imprisonment: | up to life, Mandatory minimum 5, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── DEFENDANT - U.S. ───

ALFREDO MALDONADO, a/k/a "Junior."

**FILED**

DISTRICT COURT NUMBER
CR 11-0355 DLJ

MAR 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT ───

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── PROCEEDING ───

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of: **SHOW
DOCKET NO.**
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a
pending case involving this same
defendant **MAGISTRATE
CASE NO.**
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

Name and Office of Person
Furnishing Information on MELINDA HAAG
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) Cynthia M. Frey

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other
charges
} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes If "Yes"
been filed? ☐ No give date
filed

DATE OF Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance *Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## ALFREDO MALDONADO, a/k/a "Junior,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**

**Count 33**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 8 years, up to life |
| Fine: | Greatest of: (a) $8,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── DEFENDANT - U.S. ───

▶ FERNANDO CRUZ, a/k/a "Nano"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*
*MAR 18 2014*
*RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA*

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
      was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other        ☐ Fed'l  ☐ State
      charges
      If answer to (6) is "Yes", show name of institution

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
   pending case involving this same
   defendant

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                          filed

DATE OF                Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED       Month/Day/Year
TO U.S. CUSTODY ▶

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
☒ U.S. Att'y  ☐ Other U.S. Agency

☐ This report amends AO 257 previously submitted

Name of Asst. U.S. Att'y
(if assigned)   Cynthia M. Frey

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## FERNANDO CRUZ, a/k/a "Nano,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-8 for each count]
**Count 14**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering

1

Victim-9 for each count]
**Count 15**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. §§ 1959(a)(4) [Threatening to Commit a Crime of Violence in Aid of Racketeering of Victim-8 for each count]
**Count 16**

| | |
|---|---|
| Imprisonment: | up to 5 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]
**Count 27**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

— OFFENSE CHARGED —

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

— DEFENDANT - U.S. —

▶ JOSE ANGEL MORENO, a/k/a "Lil Chocolate"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*
MAR 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

— PROCEEDING —

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM                    MELINDA HAAG

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      Cynthia M. Frey

— DEFENDANT —

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No

If "Yes" give date filed

DATE OF ARREST ▶          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## JOSE ANGEL MORENO, a/k/a "Lil Chocolate,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]

**Count 32**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

SEE PENALTY SHEET ATTACHMENT

**SEALED
BY COURT ORDER**

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── Name of District Court, and/or Judge/Magistrate Location ───
**NORTHERN DISTRICT OF CALIFORNIA**

─── DEFENDANT - U.S. ───

▶ ANDY LAMB LOPEZ, a/k/a "Solo"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

*MAR 18 2014*

*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM              MELINDA HAAG

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)         Cynthia M. Frey

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges      } ☐ Fed'l ☐ State

    If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes      If "Yes"
been filed?    ☐ No        give date
                           filed

DATE OF                    Month/Day/Year
ARREST

    Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶        Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

                           Date/Time: _____

                           Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## ANDY LAMB LOPEZ, a/k/a "Solo,"

**18 U.S.C. § 922(g)[Felon in Possession of a Firearm and Ammunition]**
**Count 41**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── DEFENDANT - U.S. ───

▶ JESSE PARRA, a/k/a "Little Looney"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───
Name of Complainant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial In another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   MELINDA HAAG
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(If assigned)   Cynthia M. Frey

─── DEFENDANT ───
**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ▶                     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## 11PENALTY SHEET ATTACHMENT:
## JESSE PARRA, a/k/a "Little Looney,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

1

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-2 for each count]**

**Count 8**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering of Victim-2 for each count]**

**Count 9**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-5 For each count]**

**Count 11**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-5 for each count]**

**Count 12**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-6 for each count]**

**Count 13**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**

**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 922(g) [Felon in Possession of a Firearm and Ammunition]**

**Count 40**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

## SEALED
## BY COURT ORDER

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

DEFENDANT - U.S.

MARCOS SALVADOR LOMELI, a/k/a "Cookie"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

---

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
☐ No

DATE OF ARREST    _____   Month/Day/Year

Or... if Arresting Agency & Warrant were not
Month/Day/Year

DATE TRANSFERRED
TO U.S. CUSTODY   _____

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT:
MARCOS SALVADOR LOMELI, a/k/a "Cookie,"

## 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

## 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

## 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

## 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 922(g) [Felon in Possession of a Firearm]**
**Count 38**
| | |
|---|---|
| Imprisonment: | up to10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 922(k) [Possession of Firearm with Serial Number Removed]**
**Count 39**
| | |
|---|---|
| Imprisonment: | up to 5 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
**NORTHERN DISTRICT OF CALIFORNIA**

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

**SEALED**
**BY COURT ORDER**

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── DEFENDANT - U.S. ───

▶ JUAN CHAVEZ, a/k/a/ "Dukester"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*
*MAR 1 9 2014*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on        SHOW
   motion of:                     DOCKET NO.
   ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
   pending case involving this same
   defendant                      MAGISTRATE
                                  CASE NO.
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
         ☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)     Cynthia M. Frey

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
       Has not been arrested, pending outcome this proceeding.
1) ☐   If not detained give date any prior summons
       was served on above charges _____

2) ☐   Is a Fugitive

3) ☐   Is on Bail or Release from (show District)
       _____

**IS IN CUSTODY**

4) ☐   On this charge

5) ☐   On another conviction

6) ☐   Awaiting trial on other     } ☐ Fed'l  ☐ State
       charges

       If answer to (6) is "Yes", show name of institution
       _____

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date
                         filed _____

DATE OF  ▶                Month/Day/Year
ARREST   _____

       Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶        Month/Day/Year
TO U.S. CUSTODY  _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance     *Where defendant previously apprehended on complaint, no new summons
Defendant Address:                       or warrant needed, since Magistrate has scheduled arraignment

                                Date/Time: _____

                                Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## JUAN CHAVEZ, a/k/a/ "Dukester,"

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**

**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**

**Counts 28 & 29**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
   ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

┌─ OFFENSE CHARGED ─────────────
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

### SEALED
### BY COURT ORDER

PENALTY:
SEE PENALTY SHEET ATTACHMENT

┌─ DEFENDANT - U.S. ─────────────
► MIGUEL VASQUEZ, a/k/a "Tweety"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

*MAR 1 8 2014*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

┌─ PROCEEDING ─────────────
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM    MELINDA HAAG
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

┌─ DEFENDANT ─────────────
**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    ☐ Fed'l ☐ State

   If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No     give date filed

DATE OF        Month/Day/Year
ARREST    ►

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY    ►

☐ This report amends AO 257 previously submitted

┌─ ADDITIONAL INFORMATION OR COMMENTS ─────────────
PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## MIGUEL VASQUEZ, a/k/a "Tweety,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**

**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 20 years, maximum to life |
| Supervised release: | Minimum 10 years, up to life |
| Fine: | Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**

**Count 31**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 8 years, up to life |
| Fine: | Greatest of: (a) $8,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───
SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

─── DEFENDANT - U.S. ───

▶ JOSE DAVID SANCHEZ, a/k/a "Joker"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

*MAR 18 2014*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   MELINDA HAAG

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Cynthia M. Frey

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───
PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
JOSE DAVID SANCHEZ, a/k/a "Joker,"

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]**
**Count 30**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

—— OFFENSE CHARGED ——

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

—— Name of District Court, and/or Judge/Magistrate Location ——
**NORTHERN DISTRICT OF CALIFORNIA**

—— DEFENDANT - U.S. ——

▶ DANIEL CORTEZ, a/k/a "Little Temper"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**

MAR 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT ——
**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges        } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

—— PROCEEDING ——
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Has detainer
been filed?
☐ Yes
☐ No
} If "Yes"
give date
filed

DATE OF
ARREST

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY

Month/Day/Year

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   Cynthia M. Frey

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## DANIEL CORTEZ, a/k/a "Little Temper,"

### 18 U.S.C. § 1962(d) [Racketeering Conspiracy]
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

1

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**

**Counts 26 & 30**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

| — Name of District Court, and/or Judge/Magistrate Location — |
| NORTHERN DISTRICT OF CALIFORNIA |

┌─ OFFENSE CHARGED ─┐

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED**
**BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

┌─ DEFENDANT - U.S. ─┐

▶ JORGE CISNEROS, a/k/a "Sleepy"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*
*MAR 18 2014*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

┌─ PROCEEDING ─┐
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on MELINDA HAAG
THIS FORM
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned) Cynthia M. Frey

┌─ DEFENDANT ─┐

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes If "Yes"
been filed? ☐ No give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... If Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

┌─ ADDITIONAL INFORMATION OR COMMENTS ─┐

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____

Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT:
JORGE CISNEROS, a/k/a "Sleepy,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
Imprisonment:        up to life
Supervised release:  up to 5 years
Fine:                Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                     defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:  $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**
Imprisonment:        up to 10 years
Supervised release:  up to 3 years
Fine:                Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                     defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:  $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**
Imprisonment:        up to 3 years
Supervised release:  up to 1 year
Fine:                Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                     defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:  $100 (mandatory)

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**
Imprisonment:        Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any
                     other term of imprisonment
Supervised release:  up to 5 years
Fine:                Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                     defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:  $100 (mandatory)

1

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-2 for each count]**
**Count 8**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering of Victim-2 for each count]**
**Count 9**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 20 years, maximum to life |
| Supervised release: | Minimum 10 years, up to life |
| Fine: | Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**
**Count 25**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 4 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 8 years, up to life |
| Fine: | Greatest of: (a) $8,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

**DEFENDANT - U.S.**

▶ FRANCISCO FONSECA, a/k/a "Griffo"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

*MAR 18 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   MELINDA HAAG

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   Cynthia M. Frey

### DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST   ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## FRANCISCO FONSECA, a/k/a "Griffo,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any other term of imprisonment |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 20 years, maximum to life |
| Supervised release: | Minimum 10 years, up to life |
| Fine: | Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) [Possession with Intent to Distribute and Distribution of 5 grams or More of Methamphetamine]**
**Count 22**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 5 years, maximum 40 years |
| Supervised release: | Minimum 4 years, maximum to life |
| Fine: | Greatest of: (a) $5,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $8,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 922(g)[Felon in Possession of a Firearm and Ammunition]**
**Count 40**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                ☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| NORTHERN DISTRICT OF CALIFORNIA |

---

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
     meanor
☑ Felony

**SEALED
BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

**DEFENDANT - U.S.**

▶ JESSE AGUILAR, a/k/a "Munchies"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

MAR 18 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State
     Court, give name of court

☐ this person/proceeding is transferred from another
     district per (circle one) FRCrP 20, 21 or 40. Show
     District

☐ this is a reprosecution of
     charges previously dismissed
     which were dismissed on
     motion of:            } SHOW
     ☐ U.S. Att'y ☐ Defense    DOCKET NO.

☐ this prosecution relates to a
     pending case involving this same
     defendant

☐ prior proceedings or appearance(s)    MAGISTRATE
     before U.S. Magistrate regarding    CASE NO.
     this defendant were recorded under

Name and Office of Person
Furnishing Information on    MELINDA HAAG
THIS FORM

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Cynthia M. Frey

---

### DEFENDANT

**IS *NOT* IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons
    was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other    } ☐ Fed'l ☐ State
     charges

    If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?      ☐ No     give date
                          filed    Month/Day/Year

**DATE OF
ARREST**  ▶
     Or... if Arresting Agency & Warrant were not
                              Month/Day/Year
**DATE TRANSFERRED
TO U.S. CUSTODY**  ▶

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:          *Where defendant previously apprehended on complaint, no new summons
☐ Arraignment ☐ Initial Appearance     or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

                              Date/Time:

                              Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## JESSE AGUILAR, a/k/a "Munchies,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]**
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 20 years, maximum to life |
| Supervised release: | Minimum 10 years, up to life |
| Fine: | Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]**
**Count 21**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

*If United States files information alleging prior conviction for felony drug offense:*

| | |
|---|---|
| Imprisonment: | Mandatory minimum 20 years, maximum to life |
| Supervised release: | Minimum 10 years, up to life |
| Fine: | Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

---

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**SEALED BY COURT ORDER**

PENALTY:
SEE PENALTY SHEET ATTACHMENT

---

**DEFENDANT - U.S.**

▶ GILBERTO VILLELA, a/k/a "Snowman"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

*FILED*

MAR 1 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on   MELINDA HAAG
THIS FORM
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   Cynthia M. Frey

---

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date filed

Month/Day/Year

DATE OF ARREST

Or... if Arresting Agency & Warrant were not

Month/Day/Year

DATE TRANSFERRED TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
GILBERTO VILLELA, a/k/a "Snowman,"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1**
Imprisonment:          up to life
Supervised release:    up to 5 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering]**
**Count 2**
Imprisonment:          up to 10 years
Supervised release:    up to 3 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering]**
**Count 3**
Imprisonment:          up to 3 years
Supervised release:    up to 1 year
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. §  924(c) [Use/Possession of a Firearm in Furtherance of a Crime of Violence]**
**Count 4**
Imprisonment:          Mandatory minimum 5, 7 or 10 years, to be imposed consecutive to any
                       other term of imprisonment
Supervised release:    up to 5 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:    $100 (mandatory)

**18 U.S.C. §§ 1959(a)(5) and 2 [Attempted Murder in Aid of Racketeering of Victim-5**
**For each count]**
**Count 11**
Imprisonment:          up to 10 years
Supervised release:    up to 3 years
Fine:                  Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the
                       defendant; or (c) twice the gross pecuniary loss inflicted on another

1

Special assessment:   $100 (mandatory)

### 18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-5 for each count]
**Count 12**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 18 U.S.C. §§ 1959(a)(3) and 2 [Assault with a Dangerous Weapon in Aid of Racketeering Victim-6 for each count]
**Count 13**

| | |
|---|---|
| Imprisonment: | up to 20 years |
| Supervised release: | up to 3 years |
| Fine: | Greatest of: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]
**Count 19**

| | |
|---|---|
| Imprisonment: | Mandatory minimum 10 years, maximum to life |
| Supervised release: | Minimum 5 years, up to life |
| Fine: | Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

SEE PENALTY SHEET ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

SEALED
BY COURT ORDER

PENALTY:
SEE PENALTY SHEET ATTACHMENT

### DEFENDANT - U.S.

▶ MIGUEL MIRANDA, a/k/a "Payaso"

DISTRICT COURT NUMBER
CR 11-0355 DLJ

**FILED**
MAR 1 8 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on
THIS FORM        MELINDA HAAG
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)        Cynthia M. Frey

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges                   ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    give date
                       filed

DATE OF      ▶
ARREST             Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶     Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## MIGUEL MIRANDA, a/k/a "Payaso,"

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846 [Conspiracy to Distribute 50 grams or More of Methamphetamine]
**Count 17**

Imprisonment:              Mandatory minimum 10 years, maximum to life
Supervised release:        Minimum 5 years, up to life
Fine:                      Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the
                           defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:        $100 (mandatory)

*If United States files information alleging prior conviction for felony drug offense:*

Imprisonment:              Mandatory minimum 20 years, maximum to life
Supervised release:        Minimum 10 years, up to life
Fine:                      Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the
                           defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:        $100 (mandatory)

### 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) [Possession with Intent to Distribute and Distribution of 50 grams or More of Methamphetamine]
**Counts 18**

Imprisonment:              Mandatory minimum 10 years, maximum to life
Supervised release:        Minimum 5 years, up to life
Fine:                      Greatest of: (a) $10,000,000; (b) twice the gross pecuniary gain to the
                           defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:        $100 (mandatory)

*If United States files information alleging prior conviction for felony drug offense:*

Imprisonment:              Mandatory minimum 20 years, maximum to life
Supervised release:        Minimum 10 years, up to life
Fine:                      Greatest of: (a) $20,000,000; (b) twice the gross pecuniary gain to the
                           defendant; or (c) twice the gross pecuniary loss inflicted on another
Special assessment:        $100 (mandatory)

# United States District Court
## Northern District of California

## CRIMINAL COVER SHEET

<u>Instructions</u>: Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:**

USA v. _____ **SEALED** _____
**BY COURT ORDER** ET AL

**Case Number:**

CR 11-0355 DLJ

**Total Number of Defendants:**

1 ☐   2-7 ☐   8 or more ☑

**Is This Case Under Seal?**

Yes ☑   No ☐

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**

Yes ☐   No ☑

**Venue (Per Crim. L.R. 18-1):**

SF ☐   OAK ☐   SJ ☑   EUR ☐   MON ☐

**Is any defendant charged with a death-penalty-eligible crime?**

Yes ☐   No ☑

**Assigned AUSA (Lead Attorney):**

CYNTHIA M. FREY

**Is this a RICO Act gang case?**

Yes ☑   No ☐

**Date Submitted:**

3/18/2014

**Comments:**

[ Save ]   [ Print ]   [ Clear Form ]

July 2013